IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| ANTHEL L. BROWN, | ) | Cause No. CV 06-63-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On December 20, 2006, Petitioner Anthel L. Brown moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. The motion was granted in a separate Order (doc. 9). Brown is a state prisoner proceeding pro se. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 2241, and 2254.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id*.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**II. Background**

This is Brown's second recent petition challenging a decision by the Montana Board of Pardons and Parole ("the Board") denying him parole.

According to the allegations in his first petition challenging a denial of parole, Brown is serving a sentence of more than 190 years at Montana State Prison for felony theft, sexual assault, robbery, aggravated assault, and deliberate homicide. His first parole hearing was held in January 2003. *See* Order at ¶ 2, *Brown v. Mahoney*, No. 04-303 (Mont. June 22, 2004); Pet. (doc. 9) at 5, *Brown v. Mahoney*, No. CV 04-66-H-DWM-CSO (D. Mont. filed Aug. 25, 2004).[1] The Board denied parole and set Brown's case for review in January 2006. *See* Order at ¶ 2, *Brown*, No. 04-303; Form Pet. (doc. 9) at 5, ¶ 12B. In his first federal habeas petition challenging the denial of parole, Brown contended that he met the criteria identified in *Board of Pardons v. Allen*, 482 U.S. 369 (1987), and yet has been denied parole; that he was denied the right to annual review of his suitability for parole; and that prison staff retaliated against him for obtaining a parole hearing or challenging his institutional placement or both, thus interfering with his ability to obtain sex offender treatment and obtain a lower custody classification, as ordered by the Board. *See* Pet., *Brown*, CV 04-66-H-DWM-CSO.

Presumably January 2006 was the date of the Board decision he challenges in the instant petition. Brown filed a petition for writ of habeas corpus in the Montana Supreme Court in 2006.

---

[1] In his previous case, Brown filed both a form petition and a 25-page handwritten document titled "Petition for Writ of Habeas Corpus," which is followed by a four-and-a-half page single-spaced typewritten "Memorandum of Law." The abbreviation "Pet." refers to the handwritten petition. The abbreviation "Form Pet." refers to the form. "Mem." refers to the Memorandum. All of these documents are contained within the Court's document number 9 in Cause No. CV 04-66-H-DWM-CSO.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

The court denied the petition on December 6, 2006.  *See* Pet. (doc. 1) at 4, ¶ 14.  That is the decision

he challenges, *see id*. at 3, ¶¶ 1-2, though Brown does not include a copy of it with his petition.

On or about November 17, 2006, Brown was placed in the sex offender treatment program

the Board required him to complete.  However, he was removed from the program within twenty

minutes because he refused to "acknowledge responsibility for the convicted offense."  Brown Aff.

(doc. 10) at 1-2.

### III. Brown's Allegations

Brown contends, first, that the Board exercised unconstitutional authority by requiring him

to complete sex offender treatment before he can be paroled.  He alleges that the Board, which is part

of the executive branch of Montana government, violated the principle of separation of powers by

altering a judicially-imposed sentence, violated the Equal Protection Clause by treating "potential

parolees" differently than probationers, and violated the Double Jeopardy Clause by adding time to

the sentence that was imposed by the district court.

Second, Brown contends that the Board "obstructed" his liberty interest in parole by requiring

him to complete sex offender treatment and is unconstitutionally compelling him to testify against

himself in order to complete Phase II of the sex offender treatment program.  He also claims the

Board is retaliating against him because it will not grant him parole if he exercises his right to remain

silent and that prison officials are retaliating against him as well by seizing his property, taking away

his job in the law library, and moving him to a higher custody level because he refused to incriminate

himself in treatment.  (Brown states that the latter allegation is intended "solely to establish the

ongoing malice toward Petitioner" and not as an independent ground for relief.)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

In an unauthenticated Affidavit submitted three months after the filing of his petition, Brown

states that "[a]t no time did the parole board offer any evidence to back up these claims," Brown Aff.

at 4, i.e., that he could not safely be released without detriment to himself or society or that there was

not a reasonable probability that he would be unable to fulfill the obligations of a law-abiding

citizen. *See* Mont. Code Ann. § 46-23-201(1), (5) (2005).

## IV. Analysis

### A. Is the Petition Second or Successive?

As an initial matter, the Court must consider whether any of Brown's claims must be

dismissed as unauthorized second or successive applications for federal habeas relief. *See* 28 U.S.C.

§ 2244(b); *White v. Lambert*, 370 F.3d 1002, 1005, 1008 (9th Cir. 2004) (holding that a state

prisoner's challenge to the decision of a non-judicial body must be addressed under 28 U.S.C. §

2254, including related provisions in § 2244).

Brown's first petition could have challenged the Board's authority to require him to complete

certain programs as a necessary, though perhaps not sufficient, precondition to release on parole.

Specifically, the Board's 2003 decision required him to complete sex offender treatment. *See* Case

Disposition (attached to doc. 13) at 1, *Brown*, CV 04-66-H-DWM-CSO. Consequently, all of

Brown's claims that challenge the Board's authority must be dismissed as unauthorized second or

successive claims. *See* 28 U.S.C. § 2244(b)(1), (2); *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th

Cir. 2002) . These claims encompass his assertions that the Board violated the doctrine of separation

of powers, the Equal Protection Clause, and the Double Jeopardy Clause, and that it "obstructed"

his liberty interest in parole by imposing conditions precedent to granting parole. Those claims

either were or could have been litigated in his first petition.  Brown's claim of retaliation, to the

extent it is dependent on these claims, also was or could have been litigated in his first petition.

Brown may apply to the Ninth Circuit Court of Appeals for authorization to proceed with those

claims, but this Court cannot consider them absent the circuit court's authorization.  *See id*. at 899

(citing cases).

Brown's claim that participation in sex offender treatment violated his Fifth Amendment

privilege against self-incrimination appears to be based on a factual situation that arose only after

Brown's first petition was denied in this Court.  He also claims that prison staff retaliated against

him for exercising his Fifth Amendment privilege, and that claim, too, appears to be appropriate for

disposition at this time.  *See Hill*, 297 F.3d at 899 (citing, *inter alia*, *Stewart v. Martinez-Villareal*,

523 U.S. 637, 644-45 (1998).

### B. Merits

Even Assuming that Brown's remaining claims are not subject to any procedural bar, he is

not entitled to relief on the merits.

### 1.  Fifth Amendment Compulsory Self-Incrimination Claim

Brown relies on *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), to assert that "a

program compelling confession of crimes is unconstitutional."  Br. at 9.  The Fifth Amendment, as

applied to the States through the Fourteenth Amendment, *see Malloy v. Hogan*, 378 U.S. 1, 6 (1964),

has two components, incrimination and compulsion.  *See Antelope*, 395 F.3d at 1134.  Thus, to show

that the sex offender treatment program amounts to a Fifth Amendment violation, Brown must show

both that the admission required by the program carries the risk of incrimination and that the

consequence of refusing to make the admission is so serious as to amount to compulsion.  *Id*.

On the first element, Brown's claim fails.  He states that he was required to accept responsibility for the crime of which he was convicted.  *See* Brown Aff. at 2 ("Petitioner ... has consistently maintained his innocence of the offense of which he was convicted, with the only exception being his acceptance of a plea under duress, and Phase II has a compulsory element to acknowledge responsibility *for the convicted offense*.") (emphasis added).  Since he has already been convicted of the crime for which is required to accept responsibility, there is no incriminatory element in the treatment program.  Brown cannot be prosecuted for, let alone convicted of, the same offense again.  *See Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984).  *Antelope* is inapposite.[2] There is no Fifth Amendment violation.  *See also McKune v. Lile*, 536 U.S. 24, 42 (2002) (finding no compulsion where prisoner's custody status was enhanced based on failure to participate in sex offender treatment program).

### 2. Retaliation

Before there can be retaliation for the exercise of a constitutional right, the inmate must engage in conduct that is constitutionally protected.  *See, e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)).  Because Brown has no Fifth Amendment privilege with respect to crimes of which he has already been convicted, and because he has no right to be

---

[2]  Additionally, given the length of time Brown has been in prison – his escape conviction dates from 1982, *see* CON Network, http://app.mt.gov/conweb (last visited May 21, 2007) – and the applicable limitations period under Montana law, *see* Mont. Code Ann. § 45-1-205(1)(b), it is impossible for him to remain subject to prosecution for sex offenses committed against anyone, even an infant, on the last occasion when he was out of prison.  *See Brown v. Walker*, 161 U.S. 591, 598 (1896) (witness may be compelled to answer where prosecution for crime is time-barred).

paroled without participating in sex offender treatment, his refusal to participate in such treatment does not amount to protected conduct. Any consequences he suffers as a result cannot be considered retaliatory.

## V. Certificate of Appealability

Under the rule announced in *White*, 370 F.3d at 1010-11, Brown is not required to obtain a certificate of appealability because his petition challenges a decision made by the Montana Board of Pardons and Parole.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Brown's claim of a Fifth Amendment violation and related retaliation should be DENIED on the merits. His other claims should be DISMISSED as unauthorized second or successive claims.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Petitioner must immediately inform the Court of any change in his mailing address.

DATED this 4th day of June, 2007.

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8