FILED
MISSOULA, MT

2007 JUN 25   AM 10 20

PATRICK E. DUFFY

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ANTHEL L. BROWN, | ) | CV 06-63-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, ATTORNEY GENERAL | ) | |
| OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————————————— | ) | |

United States Magistrate Judge Keith Strong entered Findings
and Recommendation in this matter on June 4, 2007.  Petitioner
Brown timely objected and so is entitled to de novo review of the
record.  28 U.S.C. § 636(b)(1).  The Court agrees with Judge
Strong's Findings and Recommendation.

Brown is a pro se state prisoner proceeding under a writ of
habeas corpus through 28 U.S.C. § 2254.  The parties are familiar
with the procedural and factual background so they will not be
recited.  Pursuant to Rule 4 of the 2254 Rules, the petition does
not suffice in the face of preliminary screening.

There are two principal reasons for the Court's decision:

-1-

Brown's petition consists of unauthorized second or successive claims and the remaining claims do not warrant relief on the merits. Ninth circuit case law and 28 U.S.C. § 2244(b) direct that Brown's claims that challenge the Montana Board of Pardons and Parole's authority shall be dismissed as impermissible second or successive applications. The remaining claims, the Fifth Amendment and retaliation charges, also fail. As Judge Strong reasoned, Brown's Fifth Amendment rights are not violated since he cannot incriminate himself when he already entered a guilty plea on the same charge. This case differs from *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), which did address the violation of a defendant's Fifth Amendment rights where the prescribed sexual offender treatment mandated the defendant's acknowledgment of his entire sexual history, including possible past sex crimes that might lead to future prosecutions. Nor does Brown's refusal to participate in the sexual offender treatment invoke constitutional protections against retaliation because it is unprotected conduct since he has confessed to the conduct and been convicted. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Brown's petition, therefore, must be summarily dismissed.

The Court notes Brown's objections, but they are misplaced. The Court recognizes Brown's cite to the holding in *Board of Pardons v. Allen*, 482 U.S. 369 (1987), which involved a rebuke of the Montana Board of Pardons and Parole for its failure to

-2-

recognize prisoners' liberty interests in parole release as
supported by Montana Code Annotated section 46-23-201 (1985).
But, that holding applied to prisoners who may be "released
without detriment . . . to the community." *Allen*, 482 U.S. at
381.[1] Here, Brown does not establish how *Allen* and the statute
specifically apply to him: how he is eligible for release without
detriment. He further brushes past his refusal to acknowledge a
severe crime that he committed and, significantly, he does not
adequately explain how his petition should survive in the face of
the legal barriers discussed above.

Based on the foregoing, I adopt Judge Strong's Findings and
Recommendation (dkt #11) in full.

Accordingly, IT IS HEREBY ORDERED that Brown's claim of a
Fifth Amendment violation and related retaliation is DENIED on
the merits and his other claims are DISMISSED as unauthorized
second or successive claims.

DATED this **25** day of June, 2007.

Donald W. Molloy, Chief Judge
United States District Court

---

[1] Although the Montana Legislature amended this statute in
1989 in response to the *Allen* decision, *Allen* would still apply
to Brown because his crime and adjudication preceded the
amendment. *See Worden v. Montana Board of Pardons and Parole*,
289 Mont. 459, 962 P.2d 1157 (1998).